UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KEVIN BRENT ADAMS,

    Defendant
_____/

Case No. 1-07-cr-09-01

Hon. Richard Alan Enslen

**ORDER**

    This matter is before the Court on Plaintiff United States of America's Motion to Dismiss Petition of Christina M. Gonzalez and for Discovery. Christina Gonzalez has not responded to the Motion.

    An indictment was filed against Defendant Kevin Brent Adams on January 23, 2007. Counts 1-6 charged Defendant with distribution of crack cocaine and Count 7 put Defendant on notice if he was convicted on any of the first six charges, he would forfeit any property constituting proceeds of his crimes or that facilitated his drug trafficking activity. This included the specifically listed 1998 Lincoln Navigator. Defendant pled guilty to Counts 1, 2, 5, and 7 of the Indictment on March 12, 2007 and was later adjudicated guilty. In the plea agreement Defendant agreed the aforementioned Lincoln Navigator constituted proceeds of illegal activity and also was used to facilitate the criminal activity. (*See* Plea Agreement ¶ 6.) On March 30, 2007, this Court entered a Preliminary Order of Forfeiture against Defendant's vehicle and it was seized. The United States also provided notice of the forfeiture action as required by the Court's Order.

    On April 20, 2007, Christina M. Gonzalez responded to the publication and requested the Court return the Lincoln Navigator to her and claimed a legal interest in the vehicle. The Court

recognized this correspondence as a petition and set a hearing for May 31, 2007 to determine the validity of her claims.  Before the hearing the United States offered to settle her petition to preserve government resources.  Ms. Gonzalez accepted and the hearing was cancelled.  On May 21, 2007, the United States learned Ms. Gonzalez had changed her mind in regards to settling her claim and instead requested a hearing.  The United States now wishes to dismiss Ms. Gonzalez' petition for failure to attest to the facts found in her petition under the penalty of perjury.

After review of the petition, the Court finds that while Ms. Gonzalez had her petition notarized, she failed to attest to the facts in the document under the penalty of perjury.  Pursuant to 21 U.S.C. § 853(n)(3), all petitions "shall be signed by the petitioner under penalty of perjury."  Therefore, Ms. Gonzalez' petition has not satisfied the statutory pleading requirements, and her petition will be dismissed.  However, the Court shall afford her two weeks to file an amended petition conforming with the requirements of  21 U.S.C. § 853(n).

The Court will also grant Plaintiff's conditional request for discovery in an ancillary proceeding.  Pursuant to Federal Rule of Criminal Procedure 32.2(c)(1)(B), the Court may "permit the parties to conduct discovery in accordance with the Federal Rules of Civil Procedure if the court determines that discovery is necessary or desirable to resolve factual issues."  FED. R. CRIM. P. 32.2(c)(1)(B). The United States has succeeded in demonstrating clear factual issues which need to be resolved.  These include Ms. Gonzalez' claims of ownership and that she was unaware of Defendant's use of the vehicle.  Accordingly, if and when Ms. Gonzalez submits an amended petition, discovery in accordance with the Federal Rule of Criminal Procedure 32.2(c)(1)(B) will be authorized.

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Motion to Dismiss Petition of Christina M. Gonzalez and for Discovery (Dkt. No. 31) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Petition of Christina M. Gonzalez (Dkt. No. 29) is **DISMISSED** and Ms. Gonzalez shall have two weeks from the entry of this Order to submit an Amended Petition signed under the penalty of perjury and otherwise conforming to the requirements of 21 U.S.C. § 853(n).

**IT IS FURTHER ORDERED** that upon submission of an Amended Petition by Ms. Gonzalez, the United States and Ms. Gonzalez shall be allowed discovery reasonable and necessary to resolve the factual issues regarding Ms. Gonzalez' claim of ownership pursuant to Federal Rule of Criminal Procedure 32.2(c)(1)(B) and in accordance with the Federal Rules of Civil Procedure.

Dated in Kalamazoo, MI:                   /s/Richard Alan Enslen
June 21, 2007                             Richard Alan Enslen
                                          Senior United States District Judge